IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRANSPORTATION INSURANCE COMPANY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-05-2171 |
| | * | |
| WILLIAM CALOMIRIS INVESTMENT CORP., *et al.*, | * | |
| | * | |
| Defendants. | * | |

\*\*\*\*\*

**<u>MEMORANDUM OPINION</u>**

In this diversity action, Transportation Insurance Company ("Transportation" or "Plaintiff") seeks a declaratory judgment that it is not obligated to defend or indemnify under two commercial general liability ("CGL") insurance policies issued to William Calomiris Investment Corp. and related parties[1] ("Calomiris" or "Defendants"). Transportation argues that it owes no duty to defend or indemnify Calomiris in a lead paint tort suit now pending in the District of Columbia Superior Court because the plaintiff in that action—a child who once resided in apartments owned and/or managed by Calomiris—had vacated those units before the CGL policies went into effect. Currently before the Court is Defendants' Motion to Dismiss or, in the Alternative, for Change of Venue [28]. Defendants urge the Court to exercise its discretion to decline jurisdiction over Plaintiff's declaratory judgment claim or, alternatively, to transfer this case to the United States District Court for the District of Columbia, where a similar coverage action, instituted by Calomiris against

---

[1]Specifically, the Complaint names as defendants William Calomiris Investment Corp., National Capitol Properties, Ltd., Peter Calomiris, George William Calomiris, Pauline Calomiris, Janice Calomiris, Joann Calomiris, and Penelope Calomiris.

1

Transportation, is now pending. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing hearing is deemed unnecessary. *See* Local Rule 105.6 (D.Md. 2004). For the reasons stated below, the Court will grant Defendants' motion and dismiss this case.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Calomiris owns and manages residential rental properties in the District of Columbia. Transportation issued a CGL policy to Calomiris that, *inter alia*, requires Transportation to defend and indemnify Calomiris for lawsuits stemming from personal injuries alleged to have taken place in Calomiris-owned properties. The effective date of the CGL policy was from April 1, 1998 to April 1, 1999. The policy was renewed for an additional year, extending coverage to April 1, 2000.

On March 7, 2003, Calomiris was sued in the District of Columbia Superior Court, in a case captioned *White et al. v. Calomiris et al.*, C.A. No. 03-1833. The plaintiffs in that suit allege that Christopher Tyrell White, a minor child, was exposed to lead paint at a Calomiris-owned property in which Christopher and his family ("the Whites") resided from September 1996 through April 1998. Transportation initially agreed, pursuant to a reservation of rights, to pay Calomiris's defense costs. However, on November 14, 2003, Transportation notified Calomiris, by letter, that it would cease its defense coverage. The reason for this turnaround was that evidence obtained through discovery appeared to indicate that the Whites had vacated their apartment prior to April 1, 1998, the date of inception of the CGL policy. As such, Transportation claimed that it had no duty to defend Calomiris in the underlying suit. On February 11, 2004, Calomiris's counsel wrote to Transportation and outlined its view that, pursuant to District of Columbia law, Transportation had a duty to defend its insureds regardless of the actual facts of the underlying lawsuit. Instead,

Calomiris maintained, an insurer's duty to defend is measured solely by the allegations of the plaintiff's complaint, which, in this case, alleged that the Whites resided in a Calomiris-owned property during the policy period. After receipt of this letter, Transportation resumed paying Calomiris's defense costs. However, on August 10, 2005, Transportation filed this declaratory judgment action, seeking a declaration that it has no obligation to continue funding Calomiris's defense. The putative grounds for this action are the same as the ones cited in the November 1, 2003 letter—that, because evidence has emerged that suggests the Whites left their apartment prior to the inception date of the CGL policy, Transportation "has no indemnity obligation to Calomiris and, therefore, no obligation to continue funding Calomiris' defense." (Pl.'s Opp. to Defs.' Mot. to Dismiss, at 2.)

Shortly after Transportation's commencement of this action, Calomiris filed a parallel declaratory judgment suit in the United States District Court for the District of Columbia. In that action, captioned *William Calomiris Inv. Corp., et. al. v. Transportation Ins. Co., et al.*, C.A. No. 05-1881-RWR, Calomiris asserts claims for breach of contract and bad faith, as well a claim for declaratory judgment over the coverage matters at issue in the present case. In addition, the District of Columbia action names as a defendant Continental Casualty Company, a Transportation affiliate. On October 31, 2005, Calomiris filed the instant motion to dismiss or, in the alternative, to transfer this case to the District of Columbia. On November 7, 2005, the District of Columbia federal court entered an order staying that action pending this Court's disposition of the case at bar.

## II. ANALYSIS

Under the Declaratory Judgment Act, a district court can "declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201. A declaratory

judgment is appropriate when "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)). A district court has "great latitude" in determining whether to assert jurisdiction over a declaratory judgment action. *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.,* 139 F.3d 419, 422 (4th Cir. 1988); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-89 (1995) (decision whether to entertain declaratory judgment suit is reviewed for abuse of discretion).

When determining whether to exercise jurisdiction over a declaratory judgment action, the court should take into account considerations of federalism, efficiency, and comity. *Ind-Com*, 139 F.3d at 422. Additionally, the Fourth Circuit has enumerated four factors that a district court should consider in deciding whether to entertain a claim for declaratory judgment on coverage issues while litigation against the insured party is pending in state court. Specifically, the court is to evaluate (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping. *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994).

In the present case, Calomiris argues that the factors articulated by the Fourth Circuit in *Nautilus* weigh in favor of dismissal. This Court agrees. However, at the outset, the Court notes that this case does not present the typical situation in which an insurer named as a party in an underlying

state court action institutes a parallel federal proceeding to litigate coverage claims. Here, while there is a pending state court proceeding, Transportation has not been named as a party to that lawsuit, and the coverage issues raised in the immediate action are not directly before the state court. Thus, although the state court proceeding *relates to* the instant claims, it does not *parallel* the present suit. Rather, there is a separate parallel proceeding in another federal forum. As such, traditional concerns of federalism and comity, as set forth in the first two factors listed above, have less force in the present context.[2] *See Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004) (first two *Nautilus* factors are not implicated when contractual coverage issue will not be decided in state tort case and insurance company is not a party to the state suit). Even so, the Court concludes that the third factor, in particular, compels dismissal of this suit. Specifically, the Court finds that there are "overlapping issues of fact or law" between this case and the state court action, such that there will likely be "entanglement" between the state and federal court systems if this case is permitted to proceed. Lastly, although Calomiris argues that Transportation filed this action in order to deprive it of its choice of forum, the Court cannot unequivocally conclude that Transportation has engaged in "procedural fencing" in bringing this suit.

This case presents a strong likelihood of "entanglement" between state and federal fora because Transportation, as it makes plain in its opposition brief, intends to litigate in this declaratory judgment action the factual question of when the plaintiffs in the underlying tort suit vacated

---

[2]The Court is unpersuaded by Calomiris's argument that the District of Columbia has a compelling interest in having a federal court situated in the District—as opposed to a federal court located in Maryland—interpret District of Columbia law. *Cf. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005) (discussing state's interest in having its own *state courts* interpret complex questions of state law). Furthermore, the parties dispute whether District of Columbia or Maryland law governs the interperetation of the insurance contract at issue.

5

Calomiris-owned properties. This question, however, which Transportation contends is dispositive of its coverage obligations, is also a matter that is in dispute in the state court proceeding. It is relevant to when and where Christopher White was exposed to lead, and, consequently, to Calomiris's potential liability in the underlying tort suit. Furthermore, as Calomiris points out in its reply brief, concurrent litigation of this issue in separate courts would place it in a classic "Catch-22" situation, "where in order to argue in favor of insurance coverage, [Calomiris] would have to argue for a later move-out date, which is exactly what the tort plaintiffs and third-party defendant in the personal injury lawsuit want to prove." (Defs.' Rep. at 13.)

In *Mitcheson v. Harris*, 955 F.3d 235 (4th Cir. 1992), the Fourth Circuit confronted a situatation very similar to that presented here. In *Mitcheson*, an insurer sought a declaratory judgment that it was not obligated to defend its insured, a homeowner, who was being sued in state court by former tenants who claimed to have been exposed to lead paint. The timing of the tort plaintiffs' exposure to lead, which was a material issue in the coverage dispute, was also at issue in the state court proceeding. In holding that the district court's decision not to dismiss the federal declaratory judgment action was an abuse of discretion, the Fourth Circuit noted that:

> the district court . . . would have to decide a critical issue that 'will have to be addressed in the pending state court action'—i.e., when [plaintiff's] lead poisoning took place. The insured may well be collaterally estopped from relitigating the overlapping issues decided in the federal aciton. . . . Such issue preclusion would likely 'frustrate the orderly progress' of state court proceedings by leaving the state court with some parts of a case foreclosed from further examination but still other parts in need of full scale resolution. Additionally, the state court will likely have to consult federal law to ascertain the preclusive principles at work . . . thereby creating further entanglement.

*Mitcheson*, 955 F.2d at 239-240 (citations omitted). This Court believes that similar concerns of

issue preclusion are implicated here, particularly given the overlap between the factual issues that would have to be litigated in the instant case and those presented in the underlying personal injury suit. *Cf. Nautilus*, 15 F.3d at 380 (no "entanglement" where there is "no significant overlap in the issues of fact" that must be decided to resolve separate state and federal proceedings); *Penn-America*, 368 F.3d at 413 (no "entanglement" where district court would not have to resolve factual issues, but merely compare allegations of tort plaintiff's complaint with language of insurance policy).

Finally, Calomiris has made allegations that "procedural fencing, " or "forum shopping," was an element in this case. Calomiris notes that Transportation brought this suit more than one year after initially refusing to fund its defense costs and then, after Calomiris objected, resuming to pay for its defense. Calomiris contends that it would have sued first, in its choice of forum, had it been informed of Transportation's decision to cease coverage. Furthermore, although Transportation asserts that it now seeks declaratory relief because of evidence that only "recently came to light," (Opp. at 5), the evidence it cites—specifically, a "Tenant History Report" and an "Initial Home Visit Questionnaire" that ostensibly support its "move-out date" theory—were provided to Transportation by Calomiris in October 2003, nearly two years before Transportation filed this action. In fact, it appears that this documentary evidence was the basis for Transportation's November 1, 2003 letter refusing coverage—the rationale of which was vigorously challenged by Calomiris and apparently abandoned by Transportation, only to be reasserted in this suit. Thus, although Transportation provided coverage pursuant to a reservation of rights, its conduct during the course of this matter—acceding to coverage following an initial denial, then bringing this action on the basis of documents that had long been in its possession—may suggest that it sought to beat its policyholders

7

to the courthouse and deprive Calomiris of its District of Columbia choice of forum. Even so, the Court finds that it presently lacks adequate evidence from which it can conclude that Transportation has engaged in the sort of forum shopping the final *Nautilus* factor is intended to discourage. However, as discussed above, the Court is persuaded that there is a sufficiently serious possibility of entanglement or interference with an ongoing state proceeding to warrant dismissal of this action.

## III.  CONCLUSION

For all of the aforementioned reasons, the Court will decline jurisdiction over this declaratory judgment action. Accordingly, Defendants' Motion to Dismiss [28] shall be GRANTED. A separate Order follows.


Date:  April 12, 2006                                /s/
                                              Alexander Williams, Jr.
                                              United States District Court Judge